



**FILED**
**Jun 21, 2021**
**10:02 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Dana Lee | ) Docket No. 2020-05-1027 |
| | ) |
| v. | ) State File No. 56826-2020 |
| | ) |
| JourneyPure Holdings, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Remanded

---

The employee, a licensed practical nurse (LPN) at a medical detox facility, alleged suffering a work-related mental injury after hearing a violent confrontation between a co-worker and a patient at the facility and seeing the aftermath of the altercation. The employer denied the claim, asserting the employee's alleged mental injury was not the result of a sudden or unusual stimulus. Following an expedited hearing, the trial court concluded the employee presented sufficient evidence to establish she was entitled to a panel of physicians. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Gordon C. Aulgur, Nolensville, Tennessee, for the employer-appellant, JourneyPure Holdings, Inc.

Benjamin R. Newman, McMinnville, Tennessee, for the employee-appellee, Dana Lee

### Memorandum Opinion[1]

The facts surrounding this alleged injury are largely undisputed. Dana Lee ("Employee") worked as an LPN for JourneyPure Holdings, Inc. ("Employer"), a medical

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

detox facility. On July 31, 2020, Employee was checking medication into the facility from a pharmacy while a co-worker in a nearby treatment room was administrating medication to a patient.[2] The patient became combative and physically assaulted the co-worker. Employee did not witness the assault, but she heard the confrontation and saw the co-worker leaning against a wall and holding a rag to her face, which was bloody. Employee called for help from other co-workers and called 911 for assistance, locking herself in a treatment room because she feared she would be assaulted as well. After the situation calmed, Employee was still upset and obtained permission to leave her shift early.

Prior to the incident at issue, Employee had received treatment for "mild anxiety." She returned to her psychologist after the workplace incident with complaints of "severe anxiety, sleep disturbance, and fearfulness." She believed she suffered a mental injury as a result of the workplace events and filed a claim for workers' compensation benefits. Employer denied the claim, asserting there was no compensable injury by accident arising out of employment. Employee filed a petition for benefits, seeking to compel Employer to provide medical and temporary disability benefits.

After an expedited hearing, the trial court concluded Employee had presented sufficient evidence to establish the incident was the result of "an identifiable work related event resulting in a sudden or unusual stimulus" consistent with Tennessee Code Annotated section 50-6-102(17) (2020). The court noted that Employee's testimony was unrefuted, and that Employer had offered no evidence addressing whether the altercation was an ordinary occurrence in this workplace. However, the court determined Employee had not presented sufficient medical evidence of causation to establish she would likely prevail at trial in proving a compensable mental injury, as she had not submitted a medical opinion addressing causation. Employee argued her mental injury was obvious and did not require medical proof, but the trial court disagreed in light of the nature of the alleged injury. Nevertheless, the court concluded that because Employee reported an injury, requested medical treatment, and came forward with sufficient evidence of a work-related incident, Employer was obligated to provide Employee with a panel of physicians in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(A)(i). The trial court additionally determined that Employee had not established an entitlement to temporary disability benefits. Employer has appealed.

In its notice of appeal, Employer asserts the trial court "erred when it ruled [Employee] sustained a mental injury as defined under [Tennessee Code Annotated section 50-6-102(17)]." However, Employer did not timely file a brief in support of its

---

[2] Neither party timely submitted a brief on appeal or a transcript of the proceedings in the trial court. We have gleaned the factual and procedural background from the trial court's order and other documents in the record on appeal.

appeal and we are unable to discern the legal arguments upon which the appeal is based.[3] As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). In accordance with Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

Moreover, Employer did not file a transcript or a statement of the evidence. Thus, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Finally, we note the relevant question is not whether Employee has proven she "sustained a mental injury as defined under [Tennessee Code Annotated section 50-6-102(17)]," as alleged by Employer in its notice of appeal, but whether Employee came forward with sufficient evidence at this interlocutory stage of the case to support the trial court's order for a panel of physicians. As noted above, Employer has offered no argument addressing this issue.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.

---

[3] On June 1, 2021, the Clerk of the Court of Workers' Compensation Claims submitted the record on appeal to the Clerk of the Workers' Compensation Appeals Board, and the Appeals Board Clerk issued a docketing notice. Also on June 1, after receiving the docketing notice, Employer filed a motion for an extension of time to file a transcript and a brief on appeal. The transcript was due on April 30, and Employer's brief was due on May 14. We denied the motion, noting that the request for an extension of time fell outside the authority granted to us by Tennessee Code Annotated section 50-6-217(d)(1) (2020).



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dana Lee | ) | Docket No. 2020-05-1027 |
| | ) | |
| v. | ) | State File No. 56826-2020 |
| | ) | |
| JourneyPure Holdings, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of June, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Benjamin Newman<br>Sharon Kelley | | | | X | bnewman@galligannewmanlaw.com<br>skelley@galligannewmanlaw.com |
| Gordon Aulgur<br>Jill Dillon | | | | X | gordon.aulgur@accidentfund.com<br>jill.dillon@accidentfund.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

_Q. Yearwood_

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov